## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
*Electronically Filed*

RAWLINGS & ASSOCIATES PLLC and
LOWEY DANNENBERG P.C.,

*Plaintiffs,*

v.                                                Civ. Action No.    3:23CV-242-RGJ

ARCHER SYSTEMS, LLC
Serve:  Capitol Corporate Services, Inc.,
         828 Lane Allen Road, Suite 219,
         Lexington, KY 40504

*Defendants.*

### COMPLAINT

Plaintiffs, Rawlings & Associates PLLC and Lowey Dannenberg P.C. (collectively, "Plaintiffs" or the "RL Group"), bring this action for monetary and declaratory relief against Archer Systems, LLC. In support of their claims, Plaintiffs states as follows:

### NATURE OF THE ACTION

1.      This Complaint challenges Defendant's refusal to honor contractual promises made to Plaintiffs as part of the parties' efforts to efficiently resolve health-care liens associated with various "mass tort" cases pending in state and federal courts around the country.

2.      Plaintiffs are law firms who have been engaged by health plans to pursue recovery from judgements or settlements in various "mass tort" actions, where multiple plaintiffs allege injury from a single source, such as a product, drug, or medical device. Among other matters, Plaintiffs have been engaged by their health-plan clients to pursue healthcare liens related to mass-tort settlements in the "Roundup," "Xarelto," "IVC Filter," and "Pinnacle Hip Implant" litigation.

3.      Plaintiffs entered into "Private Lien Resolution Program" (PLRP) Agreements with Defendant for each of those mass-tort cases (and many others). Under those PLRP Agreements, Plaintiffs and Defendant engaged in a process of claimant matching, lien validation, and lien auditing to determine final lien amounts that were payable to Plaintiffs' health-plan clients to reimburse them for medical expenses paid on behalf of the claimants in the underlying tort suits. Under the PLRP Agreements, Defendant was obligated to pay those final lien amounts to Plaintiffs.

4.      After settlements were reached in various mass-tort cases subject to PLRP Agreements (including but not limited to Roundup, Xarelto, IVC Filter, and Pinnacle Hip Implant Litigation), Plaintiffs asserted a right to payment under the parties' PLRP Agreements for the final lien amounts due to their health-plan clients.

5.      Although Defendant has not disputed Plaintiffs' entitlement to these funds under the PLRP Agreements, it has refused to make payment, citing competing claims to the funds from other entities that purport to either represent Plaintiffs' health-plan clients on certain types of recovery claims related to the Medicare Advantage Program (Medicare Part C), among other liens, or to have other competing liens to the funds owed to Plaintiffs.

6.      To date, Defendant has refused to pay Plaintiffs on at least 80 liens, totaling more than $600,000.

7.      Defendant's refusal to pay Plaintiffs under the terms of the PLRP Agreements is a breach of those contracts.

8.      Plaintiffs are entitled to monetary and declaratory relief ordering Defendant to honor its agreements under the PLRP Agreements.

9.      At a minimum, Defendant should interplead the disputed funds with this Court under 28 U.S.C. § 1335 or Fed. R. Civ. P. 22 (a)(2) so that any competing claims to the funds may be adjudicated by this Court.

## PARTIES, JURISDICTION, AND VENUE

10.     Plaintiffs Rawlings & Associates PLLC ("Rawlings") and Lowey Dannenberg P.C. ("Lowey") are pioneering law firms in the field of mass-tort recoveries, having been involved in virtually every major recovery case since the Silicone Gel Breast Implant Litigation in the early 1990s. In these mass-tort cases, Plaintiffs represent health plans pursuing lien recoveries under a variety of different types of health plans, including Medicare Part C ("Medicare Advantage") Plans, Federal Employees Health Benefits Act ("FEHBA") Plans, and commercial health plans, among others.

11.     Plaintiff Rawlings is a law firm headquartered in LaGrange, KY. All of its members are citizens of the Commonwealth of Kentucky.

12.     Plaintiff Lowey is a law firm whose principal place of business is in White Plains, NY. It is a professional services corporation incorporated under the laws of the State of New York.

13.     Defendant Archer Systems, LLC ("Archer") is a Texas company headquartered at 1775 St. James Place, Suite 200, Houston, TX 77056. Its agent for service of process in Kentucky is Capitol Corporate Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, KY 40504. Among other services, Archer frequently serves as a "lien resolution" administrator, pursuant to which plaintiffs' attorneys in mass-tort cases retain Archer to validate, audit, and pay health-care liens related to mass-tort judgments and settlements. In this role, Archer represents mass-tort plaintiffs and their attorneys to achieve an efficient resolution of health-care liens, enabling claimants to promptly receive any settlement funds.

14.    This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because Defendant is not a resident of the same state as either Plaintiff and the amount in controversy exceeds $75,000.

15.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to Plaintiffs' injuries occurred within the Western District of Kentucky, where Plaintiffs submitted their claims for reimbursement of their clients' health care liens. Moreover, many of those liens were asserted on behalf of Humana Inc., a Delaware company headquartered in the Western District of Kentucky that processed and paid the health-care expenses Plaintiffs seek to recover in Louisville, KY.

## COUNT I: BREACH OF CONTRACT

16.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows.

17.    Defendant entered into numerous PLRP Agreements with Plaintiffs, including, without limitation, PLRP Agreements for the Xarelto, Roundup, IVC Filter, and Pinnacle Hip Implant Litigation.

18.    Each of those PRLR Agreements shared a core set of rights and obligations that Defendant has breached.

19.    Under the parties' PLRP Agreements, Plaintiffs must notify Defendant of the health plans that it represents; Defendant then provides a list(s) of the participating claimants (e.g., tort plaintiffs) who are part of the PLRP process; Plaintiffs work with their health-plan clients to match the claimants to their membership roles and determine any health-care expenses related to the injuries alleged in the claimants' complaints (or unfiled claims); Defendant then "audits" any disputed lien amounts and provides Plaintiffs and claimants' counsel with the proposed reimbursement amount for each lien.

20.    Once any disputes with claimants as to the amount of the final lien amount are resolved, Defendant is obligated to pay Plaintiffs from a PLRP trust account where the settlement funds are held pending resolution of the lien amounts.

21.    As relevant here, Plaintiffs have performed all of their duties under the PRLP Agreements for numerous claimants, resulting in a calculation of final lien amounts payable to Plaintiffs.

22.    However, for certain claimants, Defendant refuses to remit payment to Plaintiffs of the final lien amounts, despite its contractual obligation to do so.

23.    Upon information and belief, Defendant is unwilling to remit final lien amounts to Plaintiffs because other another entity (or entities) has falsely claimed entitlement to the same lien proceeds that Plaintiffs are entitled to recover under the PLRP Agreements.

24.    To date, Defendants have withheld at least $600,000 due and owing to Plaintiffs under the parties' various PLRP Agreements, representing final lien amounts for 80 claimants.

25.    Due to the number of PLRP Agreements between Plaintiffs and Defendant, and the nature of the underlying mass-tort litigation at issue, the amount of improperly withheld lien payments is only expected to grow over time.

## COUNT II
## DECLARATORY JUDGMENT

26.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and alleges as follows.

27.    Pursuant to 28 U.S.C. § 2201, Plaintiffs also are entitled to a judgment declaring that Defendant may not refuse to pay Plaintiffs funds owed under the PLRP Agreements because of purportedly competing claims to the lien resolution funds asserted by other third parties.

28.     Such a declaration is necessary and appropriate because disputes like the one at issue in this case are likely to continue arising in the future with regard to other claimants under these PLRP Agreements and/or other, similar PLRP Agreements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request an award in its favor and granting the following relief:

(1)     A judgment declaring that Defendant may not refuse to pay Plaintiffs funds owed under the PLRP Agreements because of purportedly competing claims to the lien resolution funds asserted by other third parties; and

(2)     An award of compensatory damages for improperly withholding funds due to Plaintiffs under the PLRP Agreements; or, in the alternative, an order directing Defendant to interplead the disputed funds pursuant to 28 U.S.C. § 1335 or Fed. R. Civ. P. 22 (a)(2) so that any competing claims to the funds may be adjudicated by this Court; and

(3)     Pre- and post-judgment interest; and

(4)     Such other relief the Court deems proper.

Respectfully submitted this 11th day of May 2023.


Respectfully Submitted,


*s/ Michael P. Abate*
Michael P. Abate
KAPLAN JOHNSON ABATE BIRD LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
(502) 540-8280
mabate@kaplanjohnsonlaw.com

*Counsel for Plaintiffs*